ROBERT SAMPSON, appellant,

v.

AYLIN PIERSON, respondent.

[Argued February 9th, 1948—Decided May 13th, 1948.]

*Mr. John C. Stockel,* for the appellant.

*Mr. Henry C. Ruttiger, Mr. Jerome C. Eisenberg* and *Mr. Israel Spicer,* for the respondent.

The opinion of the court was delivered by

BODINE, J.

The bill in this case sought specific performance of a contract for the sale of real estate situate in Metuchen. The complainant, Robert Sampson, was assigned the contract by a writing. The defendant, Aylin Pierson, on August 20th, 1945, wrote to Spencer Noble, the complainant's assignor, a letter which was to serve as an interim contract, any errors or omissions to be corrected. The property is described; the price is fixed at $9,500, $200 to be paid down at the time of taking possession, which occurred, balance within twelve months. It contained the following paragraph:

"There is to be a monthly payment of $75.00 to provide for all taxes, interest, etc. You have the option to renew the contract for another period of 12 months under the same conditions. There is a mortgage and I will be glad to show you that interest payments and tax payments are made regularly."

Mr. Noble replied under date of August 23d as follows:

"It is my understanding that the $200.00 I am paying as a deposit is, in fact, option money for the purchase of premises within a year period, or renewal period of a year.

"In the event that I do not desire to complete the purchase, this money will be forfeited as option money and there will be no further liability on my part.

"In the event that I complete the purchase, the sum of $200.00, it is understood, will be credited to the principal amount of purchase."

Under date of August 27th, Mr. Pierson replied as follows:

"It is a Contract of Sale with no penalty to you for not taking it up except the $200 deposit.

"You may renew the contract for one year on the same payment of $200 for another twelve months' extension."

Mr. Noble notified Mr. Pierson, under date of June 1st, that he would take up the contract and was prepared to pay the balance. When the Nobles took possession of the property, they repaired and rehung the garage doors. They repaired the oil burner, screens and plumbing. The lawn was regraded and seeded, the shrubs and trees were pruned, and many perennial plants were set out. Those who rent seldom take such action.

It is obvious from our reading of the correspondence that the parties had entered into a firm contract; that such contract may be somewhat informally evidenced in writing, but in this case it contains all the material and essential elements of a final bargain. Formality may be lacking, and it may be that even a formal agreement was in contemplation but still if nothing remains to be done, as in the instant case, equity will enforce. *Moran* v. *Fifteenth Ward Building and Loan Association, 131 N. J. Eq. 361; Hardy* v. *Hangen, 134 N. J. Eq. 176; Volk* v. *Atlantic Acceptance and Realty Co., 139 N. J. Eq. 171.*

We think the contract was clear and unambiguous, and that any evidence to alter or vary its terms was inadmissible.

The bill was dismissed as to Edith Pierson, the wife of Aylin Pierson. She seems not to have joined in any of the writings. This action is not questioned.

The learned Vice-Chancellor concluded that the parties had intended to evade the federal statutes relating to Price Administration during the wàr period. We do not think that the proofs show this.

The decree under appeal is reversed, with costs.

*For affirmance*—WACHENFELD, SCHETTINO, JJ. 2.

*For reversal*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, JJ. 10.